

Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Wells Fargo

## Lien and Title Information

### Lienholder

| | |
|---|---|
| ELT Lien ID | 62127 |
| Lienholder | WELLS FARGO DEALER SERVICES |
| Lienholder Address | |
| Lien Release Date | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| VIN | 1J8HG58206C318931 | Issuance Date | 5/27/2015 |
| Title Number | | Received Date | 5/27/2015 |
| Title State | NY | ELT/Paper | ELECTRONIC |
| Year | 2006 | Odometer Reading | |
| Make | JEEP | Branding | |
| Model | | | |
| Owner 1 | JENNIFER L KOLESAR | | |
| Owner 2 | | | |
| Owner Address | 4617 OLD VESTAL RD<br>VESTAL, NY 13850 | | |

**Printed:** Monday, December 21, 2015 8:00:39 AM PST

**RETAIL INSTALMENT CONTRACT**

Meaning Of Some Words: In this Contract, the words "I," "me" "we" and "my" mean anyone signing this Contract as a Buyer. The words "you" and "your" mean the Seller or, after the Seller transfers its rights under this Contract, anyone having these rights.

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. | Total Sale Price The total cost of my purchase on credit, including my downpayment of $ 2600.00 |
|---|---|---|---|---|
| 8.990 % | $ 3360.20 | $ 13700.60 | $ 17060.80 | $ 15660.80 |

My Payment Schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 284.41 | Monthly, beginning JUNE 15, 2015 |
| | N/A | |

e means estimate

Security: I am giving a security interest in the motor vehicle being purchased. N/A
Filing Fees: $
Late Charge: If a payment is late more than 10 days, I will be charged 5% of the payment.
Prepayment: If I pay off early, I will not have to pay a penalty.

My Contract documents will have additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

In this Contract,
you are
the Seller.    JEFF KIES AUTO SALES INC. 8755 RT. 434 APALACHIN, NY. 13732

This Contract is between Seller and Buyer. All disclosures have been made by Seller. Seller intends to assign this Contract.

We are
the Buyer(s).    JENNIFER L KOLESAR 4617 OLD VESTAL RD Vestal, NY. 13850

If there is more than one Buyer, each of us will be obligated, separately and together, for all sums due you and the performance of all agreements as provided in this Contract.

Description of Vehicle: (See Insurance Requirements section)

| N/U | Year and Make | Series | Body Style | No. Cyl. | Truck Ton Capacity | Serial Number | Acct No. | Date 05/14/15 |
|---|---|---|---|---|---|---|---|---|
| U | 06 Jeep Commander 4 DR WGN | | | 8 | | 1J8HG58206C318931 | | |

Equipped with: PS, AC, PB, PW, FM Radio, Other _____

I have traded in the following vehicle:

Year and Make    Description

Property Insurance: I am required to obtain and maintain insurance on the Vehicle, endorsed to protect you as loss-payee, BUT I MAY CHOOSE THE AGENT OR BROKER OF MY CHOICE.

TITLE HOLDER OF COLLATERAL: JENNIFER L KOLESAR    REGISTRANT: JENNIFER L KOLESAR
PHYSICAL DAMAGE: Comprehensive $500.00 deductible, Collision $500.00 deductible
INSURANCE COMPANY: NYCMFI    Policy Number: 70221/4214    Effective Date: _____
AGENT: Name WILLIAM ORBAND    Address 84 COURT ST    Telephone Number: _____

I guarantee that the required insurance coverage as shown in the Insurance Requirements section was obtained from the agent named above. Liability Insurance coverage for bodily injury and property damage is not included or provided for in this Contract.

Vendor's Single Interest Insurance: If this is checked ___, you require Vendor's Single Interest Insurance. I may choose the person through whom Vendor's Single Interest Insurance is to be obtained. This insurance is for the sole protection of the Assignee and my interest is not covered. If obtained through you, the cost of such insurance is $ _____

Promise to Pay: I promise to pay you (the "Assignee") the Total Sale Price for the Vehicle by making the Cash Downpayment, and assigning the Trade-In, if shown above, on or before the date of this Contract and paying you the Amount Financed plus the credit service charges (called "Interest") in this Contract at the Annual Percentage Rate shown above. I promise to make payments on or before the payment due dates shown above.

WELLS FARGO DEALER SERVICES (the "Assignee")

REQUEST AND SCHEDULE OF GROUP INSURANCE

I understand that Group Credit Life Insurance and Group Credit Accident and Health Insurance are voluntary and are not required to obtain this loan. I further understand that I may select another Insurer to provide this coverage. If I choose to become insured, I understand that insurance will be provided in accordance with the certificate of group insurance that will be given to me. I also reserve the right to terminate my coverage at any time by notifying you in writing. The cost of insurance for the entire term of this Contract is shown below.

___ I WANT optional Group Credit Life Insurance.    $ N/A
___ WE WANT optional Group Credit Joint Life Insurance.    $ N/A
___ I WANT optional Group Accident and Health Insurance.    $ N/A

Insured Buyer's present age _____
Insured Co-Buyer's present age _____

| Itemization of Amount Financed | |
|---|---|
| Cash Price $ | 12950.00 |
| Cash Downpayment -$ | 2600.00 |
| Trade-In Value of Trade-In -$ | N/A |
| Lien Payoff to +$ | N/A |
| Unpaid Cash Price Balance =$ | 11950.00 |
| To Credit Insurance Company +$ | N/A |
| To Property Insurance Company +$ | N/A |
| To Public Officials +$ Tax | 160.00 |
| To +$ | 1195.60 |
| To +$ | N/A |
| To +$ Ext. Serv | 895.00 |
| Amount Financed (1 thru 7)=$ | 13700.60 |

Signature of Buyer: _____    Signature of Co-Buyer (for Joint Life Only): _____

Insurer: _____    Max. Amt. of Ins.: _____

I AGREE THAT THE PROVISIONS ON THE BACK ARE PART OF THIS CONTRACT. (Continued on reverse side.)

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

NOTICE TO THE BUYER: 1. Do not sign this Agreement before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Agreement. 3. Under the law, you have the right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either: (a) prepay without penalty, or (b) under certain circumstances obtain a rebate of the credit service charge. 4. According to law, you have the privilege of purchasing insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.

Seller agrees to this Contract, including terms and conditions on back, and assigns it to the Assignee in accordance with the first Assignment printed on the reverse side, unless otherwise marked.

I HAVE RECEIVED A COPY OF THIS CONTRACT SIGNED BY THE SELLER. RETAIL INSTALMENT CONTRACT.

Seller: JEFF KIES AUTO SALES INC.    Buyer: [signature] Jennifer Kolesar
By: [signature]    Co-Buyer: _____

**CO-SIGNER NOTICE**

I agree to pay the debt identified in the Contract as the "Total of Payments," although I may not personally receive any property, services or money. I may be sued for payment, although the person who receives the property, services or money is capable of paying the debt. I should know that the Total of Payments listed above does not include Finance Charges resulting from delinquency, late charges, repossession or foreclosure costs, court costs or attorney's fees, or other charges that are stated in the Contract. I will also have to pay some or all of these costs and charges as required by the terms of the Contract. IF THIS DEBT IS EVER IN DEFAULT, THAT FACT MAY BECOME A PART OF MY CREDIT RECORD. This notice is not the writing that obligates me to pay the debt. I have read the Retail Instalment Contract, which contains the exact terms of my obligation, and the Co-Signer(s) Notice.

CO-SIGNER: I SHOULD READ THE CO-SIGNER NOTICE, ABOVE, BEFORE SIGNING THE CO-SIGNER'S AGREEMENT.
CO-SIGNER'S AGREEMENT AND ACKNOWLEDGEMENT OF RECEIPT OF CO-SIGNER NOTICE: I (we), the person (or persons) by signing below as "Co-Signer," do 2 things. #1 I (we) acknowledge that I (we) have read and been given a completed copy of the Co-Signer Notice and of each writing that obligates me or the Buyer on the Contract and #2 I (we) promise to pay to you all sums due on this Contract and to perform all agreements in this Contract. I intend to be legally bound by all the terms of this Contract, separately and together, with the Buyer. I am making this promise to induce you to make this Contract with the Buyer, even though you will use the proceeds only for the Buyer's benefit. I agree to pay even though You may not have made any prior demand for payment on the Buyer or exercised your security interest. I also acknowledge receiving a completed copy of this Contract.

Co-Signer's Signature: _____    Co-Signer's Signature: _____

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.
1. ORIGINAL • 2. BUYER'S COPY • 3. BANK FILE COPY • 4. DEALER'S COPY

**Security Agreement:** As security for this Contract (to protect you if I don't pay), I grant you a security interest in the Vehicle being purchased. A security interest means that, if one of the events of default occurs, you can take the Vehicle and under certain circumstances sell it, as is more fully explained in the "Right to Demand Payment in Full" and the "Right to Repossess" sections. "Vehicle" shall include tires, parts, equipment, replacement parts or additions to the Vehicle or any vehicle insurance refunds or any proceeds resulting from loss or damage to the Vehicle. If I default (see "Right to Demand Payment in Full" section), you have the right to apply any sums that I have on deposit with you and any group insurance refunds which you receive against any balance that I owe. The Vehicle also secures any advances made to protect your interest in the Vehicle.

**How The Finance Charge Is Figured:** The Finance Charge, which consists only of interest, has been computed upon the basis that I will pay all installments on the scheduled due dates. If any installment is received later than the scheduled due date, I will be obligated to pay such additional amounts as may become payable by reason of the accrual of interest calculated daily upon the unpaid balance of the Amount Financed. In the event that any installment is made in advance of the scheduled due date, the interest charges will be reduced accordingly. The amount of this decrease or increase will be reflected in the final payment. I shall have the right to prepay the unpaid principal balance in full or in part at any time provided that all payments are first applied to accrued interest as of the date of prepayment.

**How Payment In Advance Of Credit Insurance Is Figured:** If I pay all amounts owing under this Contract in advance, I will receive a refund for Group Credit Insurance premiums from you, as specified on the front of this Contract calculated by a formula approved by the Insurance Department.

**Late Charge:** If I fail to pay any instalment for more than 10 days from the date it is due, I will pay a late charge of 5% of the unpaid instalment.

**Return Check Charge:** If any check, draft or other item I send you in payment of my obligation on this Contract is returned for insufficient funds, I agree to pay you a Return Check Charge of $20.00.

**Collection Costs:** If you hire an attorney to bring a lawsuit to collect any amount owing under this Contract, I will pay you attorney's fees up to 15% of the amount then due, plus court costs, or such lesser amounts as the court allows.

**Payment After All Amounts Owing Become Immediately Due:** Under certain circumstances, you can declare all amounts owing under this Contract immediately due. If you do and all amounts owing are not paid as you sue for them and obtain a judgment, you will calculate what I owe as if I were going to pay in advance.

**Care of Vehicle:** I agree to keep the Vehicle in good condition and repair; not to remove it from the address at which it is presently kept without your prior written consent, not to sell or transfer it or use as collateral in another transaction; not to use the Vehicle for hire, livery or lease; or permit its use in any illegal manner; not to allow someone else to seize the Vehicle or create a lien/charge on it, and to give you immediate written notice of loss or damage to the Vehicle.

**Insurance Requirements:** I agree at all times to keep the Vehicle insured with comprehensive, fire and theft, and a minimum amount of deductible collision insurance satisfactory to you, endorsed to protect you with a licensed insurance company ▓▓▓▓ ... I agree to pay the cost. I agree that any insurance ... directly and sell the Vehicle shall be paid directly and sell ... debt to you. If the Vehicle is lost or damaged, you can use the proceeds (money) to replace or repair it, or to repay any amounts I owe you, and I agree ... can settle any insurance claims or policies on my behalf ... image to or destruction of the Vehicle ... duty to make the payments under this Contract.

**Further Advances Secured:** If I fail to pay fees, taxes or the costs necessary to keep the Vehicle in good condition and repair, you may, if you alone choose, advance any sums necessary to protect your interest in the Vehicle. Any such advances will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract.

If I fail to maintain required property insurance, you may, if you choose, obtain equivalent limits of replacement insurance. This replacement insurance will protect your interests, but you are under no obligation to obtain replacement insurance which will also protect my interests. THE INSURANCE YOU PURCHASE MAY BE SIGNIFICANTLY MORE EXPENSIVE AND PROVIDE ME LESS COVERAGE THAN INSURANCE I COULD PURCHASE MYSELF. Any amount you advance will be secured by the Vehicle and will be subject to a Finance Charge at the Annual Percentage Rate of this Contract. At the time of the advance, I will be notified in writing of my options to repay the advance:
(i) in full within ten days of the notice;
(ii) along with my monthly payment;
(iii) or payable as a single monthly payment, one month following payment of all other amounts due under the Contract;
(iv) if available, as additional monthly payments, not exceeding the monthly payments due under the Contract.
Your payments on my behalf will not cure my failure to perform my promises in this Contract.

**WARRANTIES:** If this Contract involves the sale of a new Vehicle, the Seller makes no warranty, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, unless Seller has given Buyer a separate written warranty or unless Seller enters into a service contract with Buyer within 90 days from the date of this Contract, or except for any warranty set forth in the Buyer's Guide for Used Cars.

In this section only, the word "you" refers to the Buyer.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation:
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**Co-Signer's Guarantee:** In consideration of your entering into this Contract with Buyer, I guarantee to you prompt payment of all sums due under this Contract if Buyer fails to pay them promptly. I understand that you can extend the terms of payment without notice to me, release any security which you may have, fail to keep the Vehicle insured, or fail to have your security interest recorded, and that this will not affect my duty to make the payments under this Contract if the Buyer defaults.

Co-Signer _____ Date _____
Co-Signer _____ Date _____

---

**Right to Demand Payment in Full:** Upon the following events of default, you can require that the entire balance of my loan be paid at once, without prior notice or demand, if:
1. Any amount owing under this Contract or any other amount I owe you now or in the future is not paid by the day it becomes due; or
2. I break one of my promises under this Contract; or
3. I have made any false or misleading statement on this Contract and/or credit application; or
4. Your name does not appear as the only "lienholder" (claim) on any certificate of title issued now or in the future; or
5. the Vehicle is lost, stolen or damaged without adequate insurance coverage, or sold, or given away, or seized; or
6. I file bankruptcy or if any proceeding is instituted to seek relief from my debts; or
7. I die or become legally unable to manage my affairs; or
8. You, in good faith, believe that the prospects of payment or other performance under this Contract is impaired.
9. The Vehicle is seized by a third party (including, without limitation, a municipality or other governmental or quasi-governmental entity) by virtue of the Vehicle's alleged or actual involvement in actual or alleged criminal or unlawful activity and/or where a forfeiture proceeding has been instituted in/before any federal, state or local court or any administrative body.

**Right to Repossess:** You can repossess (take) the Vehicle if one of the events of default (listed in the "Right to Demand Payment in Full" section) occurs. After my default, I will deliver the Vehicle to you at a reasonable place or you can take the Vehicle from wherever it is kept and, if permitted by law, and you need not notify me before you do this. You can sell the Vehicle after repossession and apply the proceeds to the balance of what I owe after deducting your reasonable repossession, storage, repair, preparation for sale and selling expenses. You can also send me notice of the sale before or after it is sold. If my Default consists solely of a failure to make timely payments, I may have certain rights to stop the sale of my Vehicle even after you repossess it if I make timely tender of the amount required to redeem the Vehicle.

To recover any articles I claim are not part of the Collateral but were contained in the Vehicle, I must notify you in writing within 10 days after repossession. Failure to submit and take possession of these items promptly will be an abandonment of them.

If the sale does not cover all that I owe, I will be responsible for the amount still owed. If there is any surplus money, it will be refunded to me.

**Trade-In and Downpayment:** I guarantee that I own the vehicle traded in, if any, and that it is free from any lien or security interest not shown in the "Trade-in" section of the "Itemization of Amount Financed." I also represent that I have made the downpayment and have not borrowed it.

**Title and Security Interest:** If the Vehicle is already titled or is to be titled, I guarantee that I am or will be the registered owner and your security interest shall appear as the only security on any certificate of title not ... that you can apply for certificates of title to show your security ... in doing so. I also give you permission to file a financing statement (notice of your security interest filed for public record) covering my security interest without my signature on it.

**Waivers and Releases:** You can waive or delay enforcing any of your rights without losing them. Enforcing a right ... to the other. You need not give anyone notice of the waiver, delay or release. Your failure to file a security interest, failure to keep the Vehicle insured, release of a security interest or granting extensions of time of payment shall not affect my obligation under this Contract.

**Applicable Law:** This Contract shall be governed by New York State law except for its conflict of law provisions. If any provision is found to be ineffective under any law or regulation, the remainder will still be binding and effective.

(The following notice shall not apply to any sale for other than personal, family, or household use.)

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Warranties and Representations:** I warrant and represent that the funds (Collateral) are obtained and will be used in connection with lawful activities, pursuits, endeavors, ventures or businesses, and I will not use the funds (Collateral) to violate any law that could result in forfeiture proceedings being instituted. I agree to promptly inform you of any proposed proceedings or actual proceeding which would subject the funds (Collateral) to forfeiture to any governmental body.

---

## ASSIGNMENT

FOR VALUE RECEIVED, receipt whereof is hereby acknowledged, the Seller hereby sells, transfers, assigns and sets over to the Assignee named on the face hereof, its successors and assigns, or any subsequent assignee, all right, title and interest in and to the Contract and to the Vehicle described in the Contract, and to all monies due and to become due under the Contract, any guaranty made in connection with the Contract, and all rights and remedies under said Contract, with power in the Assignee to assign the same, either in Assignee's own name, or in the name thereof. To induce the Assignee to purchase the Contract, warrants that the Contract is genuine, unamended and enforceable without defense or counterclaim and the Contract accurately reflects the transaction in all respects, that all parties to the Contract are over eighteen years of age, have the legal capacity to execute the Contract and all disclosures required therein have been provided, that the Seller (or Co-Buyer) has accepted delivery of the Vehicle and it is titled to the Buyer (or Co-Buyer), that the Vehicle is properly described in the Contract, that the downpayment has been paid to Seller in cash, and not its equivalent except as specifically shown in the Contract, and has not been borrowed from the Seller or a loan arranged for or procured on behalf of the Buyer by the Seller or anyone connected with the Seller, that the amount allowed by the Seller for any property taken in trade is correctly stated, that the Assignee is acquiring a purchase money security interest in the Vehicle free and clear of any lien, claim and encumbrance, and that Seller has the power to assign the Contract to the Assignee.--Seller covenants and warrants that the Buyer was informed, prior to the submission of an application to the Assignee, of Assignee's name and address. The Seller will immediately cause the Assignee's name to appear on the Certificate of Title as the first and only lienholder. If the Buyer has voluntarily indicated that the Buyer wishes any Group Credit Insurance which has met all criteria for such insurance, the Seller warrants that such coverage has been obtained and paid for and agrees to hold the Assignee harmless from any claims with respect to such insurance, and promptly to make the appropriate refunds if such insurance is cancelled and/or the Contract is prepaid. Upon breach of any of the provisions in this Assignment or of the Buyer, Co-Buyer or Guarantor notify the Assignee (orally or in writing) that they have any claim or defense arising out of the Contract or under Sections 198-a or 198-b of the New York General Business Law, or 16 CFR 433 et seq, or 16 CFR 455 et seq.-- whether or not there is a default in payment -- Seller agrees, on demand, immediately to repurchase the Contract for the unpaid balance, including earned Finance Charges as of the date of repurchase. Seller has fully complied with all applicable laws and regulations, including, without limitations, the Fair Credit Reporting Act, the Truth-in-Lending Act and the Equal Credit Opportunity Act. Seller agrees to hold harmless and indemnify Assignee for any loss sustained as a result of any claim or defense Buyer, Co-Buyer or Guarantor may have against Seller, whether or not this loss is sustained as a result of a judicial determination. Seller hereby consents to any extensions of time for payment; modification of terms; release or substitution of parties or Vehicle; and agrees that the Assignee's failure to perfect its lien on the Vehicle will not affect this Assignment. The Vehicle described as the subject of the Contract is new and unused (unless stated otherwise in the Contract). The Vehicle's Certificate of Title is not a branded title as specified in 15 N.Y.C.R.R. § 20.20. To the best of Seller's knowledge and belief, the representations on the Buyer's credit application are true and the Buyer will not use or permit the use of the Vehicle in violation of any law. Seller agrees that if any of the warranties, covenants or guarantees be breached, or if any representation be untrue, the Seller will, upon demand, repurchase the Contract from the Assignee and pay for the Contract, in cash an amount equal to the entire unpaid balance due on the Contract, with accrued interest, together with the accrued attorneys' fees. The Seller agrees that the repossession of the Vehicle from the Buyer for any cause shall not release the Seller from the obligations of this Assignment. The Assignee is authorized to correct any and all patent errors in the Contract.

### FULL RECOURSE ASSIGNMENT

Seller agrees, in addition to the warranties above, that in the event of default by Buyer in the full payment on the due date thereof of any installment payable under the Contract or in the prompt performance of any other obligation to be performed under the Contract by Buyer, Seller will, upon demand by Assignee, forthwith repurchase the Contract from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due.

Seller/Assignor _____
Title _____ Date _____

### FULL REPURCHASE

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that in the event of default by Buyer under the Contract and provided that Assignee shall take possession of the Vehicle and tender delivery of same to Seller, Seller will, upon demand by Assignee, forthwith repurchase the Contract and/or Vehicle (regardless of condition) from Assignee for a repurchase price in cash equal to the full unpaid balance of the Contract as of the date of such repurchase, including any earned Finance Charges then due and expenses incurred in such taking and delivery of the Vehicle.

Dealer _____ By _____
Corporation, Individual or Firm Name/Assignor    (Officer, Owner, or Partner-Title)

### OTHER ASSIGNMENTS

Seller agrees, in addition to the warranties stated in the first Assignment section set forth above, that, if the Buyer defaults in any manner under the Contract, the following additional covenants shall apply, such covenants being more specifically defined in an agreement between Seller and Assignee:

Type of Assignment _____ Seller/Assignor _____
Date _____ Title _____

Form WTDRSMVLTNY (NY5230.C-28) 6/01/2011
© 2007 Wolters Kluwer Financial Services – BANCO

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION.

## NADA Used Car Guide
### Tuesday, May 12, 2015

### Vehicle Summary NADA Values

**Region:** Eastern - May 2015          **Reference #:**

**Vehicle Description:** 2006 JEEP          **VIN:** 1J8HG58206C318931
Commander-V8
Utility 4D Limited HEMI 4WD

**MSRP:** $39,700          **Weight:** 5,169

**Mileage:** 85,000

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| Base Value | $7,275 | $8,375 | $9,275 | $8,350 | $12,200 |
| **Optional Equipment** | | | | | |
| Navigation System | $200 | $200 | $200 | $200 | $225 |
| Rear Entertainment System | $175 | $175 | $175 | $175 | $200 |
| Towing/Camper Pkg | $125 | $125 | $125 | $125 | $150 |
| Option Total | $500 | $500 | $500 | $500 | $575 |
| Mileage Adjustment | $1,175 | $1,175 | $1,175 | $1,175 | $1,175 |
| Total NADA Used Car Guide Values | $8,950 | $10,050 | $10,950 | $10,025 | $13,950 |

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of
NADA Used Car Guide, NADASC.

# NADA Used Car Guide
## Monday, December 21, 2015

## Vehicle Summary NADA Values

| | | | | | | |
|---|---|---|---|---|---|---|
| **Region:** | Eastern - December 2015 | **Reference #:** | | | | |
| **Vehicle Description:** | 2006 JEEP<br>Commander-V8<br>Utility 4D Limited HEMI 4WD | **VIN:** | 1J8HG58206C318931 | | | |
| **MSRP:** | $39,700 | **Weight:** | 5,169 | | | |
| **Mileage:** | 112,900 | | | | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $7,025 | $8,125 | $9,025 | $8,125 | $11,925 |
| **Optional Equipment** | | | | | |
| Navigation System | $200 | $200 | $200 | $200 | $225 |
| Rear Entertainment System | $175 | $175 | $175 | $175 | $200 |
| Towing/Camper Pkg | $125 | $125 | $125 | $125 | $150 |
| **Option Total** | $500 | $500 | $500 | $500 | $575 |
| **Mileage Adjustment** | $225 | $225 | $225 | $225 | $225 |
| **Total NADA Used Car Guide Values** | $7,750 | $8,850 | $9,750 | $8,850 | $12,725 |

J.D. Power and Associates assumes no responsibility or liability for any errors
or omissions or any revisions or additions made by anyone on this report.
All values are reprinted with permission of J.D. Power and Associates.
Copyright 2015 J.D. Power and Associates